UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JAMES WATSON,

    Plaintiff,

v.

KUSH HOSPITALITY GROUP LLC,

    Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff James Watson hereby sues Defendant Kush Hospitality Group LLC for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12181-12189 ("ADA"), 28 C.F.R. Part 36, *et seq*.

    1.    Venue lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

    2.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *See* also 28 U.S.C. § 2201 and § 2202.

    3.    Plaintiff James Watson ("Plaintiff") is a Florida resident, lives in Miami-Dade County, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. §§ 12102(1)-(2), the

regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff is substantially limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2).

4. Plaintiff uses the internet and a mobile device to help him navigate a world of goods, products and services like the sighted. He brings this action against Defendant for offering and maintaining a mobile website (software that is intended to run on mobile devises such as phones or tablet computers) that is not fully accessible and independently usable by visually impaired consumers. Plaintiff utilizes the Apple Screen Reader VoiceOver software to read computer materials and/or access and comprehend internet mobile website information which is specifically designed for the visually impaired.

5. Plaintiff is also an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation and/or their mobile websites are in compliance with the ADA.

6. Defendant Kush Hospitality Group LLC ("Defendant," and also referenced as "Kush Hospitality") is a Florida limited liability company. On information and belief, Kush Hospitality is the owner and operator of the https://kushhospitality.com website and mobile website for Kush Hospitality restaurants and bars which markets its restaurant and bar brands Lokal, Vicky's House, Tobacco Road by Kush, Don's 5-Star Dive Bar, and La Cocina Cocteleria. Kush Hospitality's specialty branded restaurants are owned and operated by separate corporate entities which have a commonality of officers, directors and/or registered agents. On information and belief, Defendant is a brother/sister corporation to the corporate entities which own and operate the various Kush Hospitality restaurants and bars which are:

i. Kush Wynwood LLC - which is the operator of the Kush restaurant located at 2300 North Miami Avenue, Wynwood Florida 33127;

ii. Spillover Restaurant Concepts LLC - which is the operator of the Kush Coconut Grove restaurant located at 2911 Grand Avenue, Coconut Grove, Florida 33133;

iii. Stephan's Delicatessen LLC - which is the operator of the Kush Hialeah / La Cocina Cocteleria restaurant and bar located at 1000 E 16th Street, Hialeah Florida 33010;

iv. MK Restaurant Concepts LLC – which is the operator of Lokal and Vicky's House restaurants and bakeries located at 3190 Commodore Plaza, Miami Florida 33133;

v. T Road Management Group LLC – which is the operator of Tobacco Road by Kush restaurant/bar which is located at 650 South Miami Avenue, Miami Florida 33130; and

vi. On information and belief, Kush Hospitality Group LLC, as operator of Café Kush and Don's 5 Star Dive Bar, located in the Gold Dust Motel at 7700 Biscayne Boulevard, Miami, Florida 33138[1]

All of the above delineated restaurants and bars are listed within the https://kushhospitality.com mobile website.

7. All Kush Hospitality restaurants and bars are located within Miami-Dade County and are open to the public. Each restaurant/bar is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation defined by 42 U.S.C. §12181(7)(B), §12182, and 28 C.F.R. §36.104(2). These restaurants and bars are also referenced throughout as "place(s) of public accommodation," "restaurant(s)," "Kush Hospitality restaurants and bars," or individually as "Kush, Café Kush, Vicky's House, Tobacco Road by Kush, Don's 5

---

[1] There is no intangible tax record for each of these restaurant and bar establishments in Miami Dade, and there is no Sunbiz notation, however both are listed within the https://kushhospitality.com website and mobile website as being operated by Defendant

Star Dive Bar, and La Cocina Cocteleria."

8. Subsequent to the effective date of the ADA, Defendant constructed, or caused to be constructed, the https://kushhospitality.com mobile website (hereinafter "mobile website") for the general public to access on their mobile devices (phones, tablets). This mobile website supports, is an extension of, is in conjunction with, is complementary and supplemental to, Kush Hospitality restaurants and bars. The mobile website delineates the goods, services, accommodations, privileges, benefits and facilities available to patrons at each of the Kush Hospitality restaurants and bars physical locations.

9. The mobile website is offered by Defendant as a way for the public to become familiar with Kush Hospitality restaurant and bar (Kush, Café Kush, Vicky's House, Tobacco Road by Kush, Don's 5 Star Dive Bar, and La Cocina Cocteleria) menu selections, restaurant locations, to sign up for the *Kush Times* newsletter, and to purchase gift cards online. The mobile website also provides a link to reserve a table for dining within each of the Kush Hospitality restaurants and enables the public to inquire as to catering at each individual restaurant location, and provides other information the Defendant seeks to communicate to the public. The mobile website also enables the public/patrons to place an order online and have the order ready for pick up at the various restaurant locations. By the provision of menu selection, reservation services, to-go order menu and placement, and the ability to purchase gift cards online, Defendant's mobile website is an integral part of the goods and services of the offered at the Kush Hospitality restaurant and bar locations. By this nexus, the mobile website is characterized as a Place of Public Accommodation to Title III of the ADA[2], 42 U.S.C. §§s 12181(7)(B) & (E).

---

[2] "The Department of Justice has long taken the position that both State and local government Websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities." (See: Statement of Eve Hill Senior Counselor to the Assistant Attorney

4

10. Since Defendant is the owner of the mobile website (which is a Place of Public Accommodation), Defendant itself is a "Public Accommodation" in accordance with 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

11. Defendant's mobile website allows mobile device users to use a mobile platform through a connection to Wi-Fi or cellular data so that users can manage their dining choice from their mobile device. As such, Defendant has subjected itself to the ADA because its mobile website is offered as a tool to promote, advertise and sell products and services from Kush, Café Kush, Vicky's House, Tobacco Road by Kush, Don's 5 Star Dive Bar, and La Cocina Cocteleria restaurant locations, each of which is a place of public accommodation. As a result, Defendant's mobile website must interact with the Kush Hospitality restaurants and bars and the public, and in doing so must comply with the ADA, which means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the goods and services afforded to the general public.[3]

12. Defendant's mobile website does not properly interact with the VoiceOver screen reader software technology in a manner that allows blind and visually impaired individuals to comprehend the mobile website and does not provide other means to accommodate blind and visually impaired individuals.

13. Plaintiff has attempted to patronize Defendant's mobile website in the past and intends to continue to make further attempts to patronize Defendant's mobile website. Like the seeing community, he would like the opportunity to be able to use the Defendant's mobile website

---

General for the Civil Rights Department of Justice - Before the Senate Committee on Health, Education, Labor & Pensions United States Senate – Concerning The Promise of Accessible Technology: Challenges and Opportunities – Presented on February 7, 2012.

[3] According to Statista, almost half of web traffic in the United States originated form mobile devices in 2021. Therefore, Defendant knew or should have known that potential customers would be using the mobile version of its website and provided accessibility for blind users.

to comprehend restaurant menu selections, make reservations to dine in Kush Hospitality restaurants and bars, to order food online for pick up at the various restaurant/bar locations, and to purchase gift cards online. However, unless Defendant is required to eliminate the access barriers at issue and required to change its policies so that access barriers do not reoccur, Plaintiff will continue to be denied full and equal access to the mobile website as described and will be deterred from fully using Defendant's mobile website for dining at Kush Hospitality restaurants and bars which are located throughout Miami Dade county.

14. Plaintiff has attempted to utilize the mobile website and/or plans to continue to attempt to utilize the mobile website in the near future. In the alternative, Plaintiff intends to monitor the mobile website in the near future, as a tester, to ascertain whether it has been updated to interact properly with VoiceOver screen reader software.

15. Plaintiff is continuously aware of the violations on Defendant's mobile website and is aware that it would be a futile gesture to attempt to utilize Defendant's mobile website as long as those violations exist unless he is willing to suffer additional discrimination.

16. Defendant and alike restaurants are fully aware of need to provide full access to all visitors to its mobile website as such barriers result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired and result in punishment and isolation of blind and low vision individuals from the rest of society.

17. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this action is his only means to secure adequate redress from Defendant's discriminatory practice.

18. Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201,

2202.

19.     Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205 and 28 CFR 36.505.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20.     The ADA and implementation of ADAAG requires that Public Accommodations (and Places of Public Accommodation) are required to ensure that communication is effective, which includes the provision of auxiliary aids and services for such purpose.

21.     According to 28 C.F.R. Section 36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. Section 36.303(b)(2) specifically states that (VoiceOver) screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

22.     28 C.F.R. Section 36.303(c)(1)(ii) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability."

23.     Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by public accommodations and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

24.     Defendant's mobile website has been designed to integrate with Kush Hospitality

restaurant and bar physical locations through provision of a reservation service and the provision of to-go order menus. Therefore, the mobile website is an extension of Kush Hospitality restaurants and bars, each of which is a Place of Public Accommodation. By and through its mobile website, Defendant extends Kush Hospitality restaurants and bars into individual persons' homes and portable devices wherever located. The mobile website is a service, facility, privilege, advantage, benefit and accommodation of each of the Kush Hospitality restaurant and bar locations. As such, Defendant's mobile website is integrated with, and is a nexus to, each restaurant and bar location as promoted within its mobile website. Therefore, Defendant's mobile website is governed by the following provisions:

     a.    U.S.C. Section 12182(a) provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

     b.    42 U.S.C. Section 12182(b)(1)(A)(i) provides: "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity[.]"

     c.    42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals[.]"

      d.    42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others[.]"

      e.    42 U.S.C. Section 12182(b)(1)(B) provides: "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual."

      f.    42 U.S.C. Section 12182(b)(1)(C) provides: "Notwithstanding the existence of separate or different programs or activities provided in accordance with this section, an individual with a disability shall not be denied the opportunity to participate in such programs or activities that are not separate or different."

      g.    42 U.S.C. Section 12182(b)(2)(ii) describes as discrimination: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]"

      h.    42 U.S.C. Section 12182(b)(2)(iii) describes as discrimination: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the

absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]"

25. Plaintiff attempted to access and/or utilize Defendant's mobile website, but was unable to, and he continues to be unable to enjoy full and equal access to the mobile website and/or understand the content therein because numerous portions of the mobile website do not interface with VoiceOver screen reader software. Specifically, features of the mobile website that are inaccessible to VoiceOver screen reader software users include, but are not limited to, the following (citing the WCAG 2.1 Level A and AA Guidelines):

i. Guideline 1.3.1 Info and Relationships is violated. Accessibility issues are present in the PDF menu. Mobile VoiceOver screen reader software users hear a mismatch of menu selections and prices. For example, after the Classic burger is announced, then the burger description is skipped and focus skips to the description for the Latkes in the Starters section, so mobile VoiceOver screen reader software users hear "classic 88 periods 14" and then "served with apple sauce and sour cream."

ii. Guideline 1.3.2 Meaningful Sequence is violated, as content is not presented in a meaningful order. For example, focus does not move to the *Kush Times* newsletter pop-up when that pop-up displayed. Instead of hearing the content in the pop-up, focus moved to a hidden element, and mobile VoiceOver screen reader software users hear an unlabeled link

iii. Guideline 1.4.5 Images of Text is violated, as the site does not use images of text (so that mobile VoiceOver screen reader users are unable to comprehend). For example, some of the menus have content that is only available as an image, such as when focus moves to the "Cocktail" section, only the last product in the "Cocktail" section is announced. After the announcement, each time the mobile VoiceOver screen reader software user swipes, all that is heard is "image." Approximately 26 announcements of just "image" are present in this mobile website.

iv. Guideline 2.4.3 Focus order is violated, as the mobile website does not provide focus in a logical order that preserves meaning and operability. For example, the main menu icon does not receive focus and is not announced to mobile VoiceOver screen reader software users.

v. Guideline 2.4.5 Multiple Ways is violated. For example, content such as menus, events, and locations are only shown to mobile VoiceOver screen reader software users via the

      main menu icon. The main menu icon does not receive focus and is not announced on the mobile website. Alternative methods such as a footer or the site map are not available.

vi. Guideline 3.3.2 Labels or Instructions is violated. For example, the reservation widget has multiple unlabeled elements that do receive focus and are announced so mobile VoiceOver screen reader software users must swipe through each one, but they won't hear labels that are descriptive. For example, each field has a chevron, and each chevron receives focus independently of the specific field and is announced only as "m." The calendar icon is announced only as "d," the time icon is announced only as "t" and the people icon is announced only as "p."

    26.    As the owner and/or operator of the Kush Hospitality mobile website, Defendant is required to comply with the ADA and the provisions cited above. This includes Defendant's obligation to create and maintain a mobile website that is accessible to and usable by visually impaired persons so that they can enjoy full and equal access to the mobile website and the content therein, including the ability to make a reservation to dine within Kush Hospitality restaurants and bars (Kush, Café Kush, Vicky's House, Tobacco Road by Kush, Don's 5 Star Dive Bar, and La Cocina Cocteleria), to order "to-go" for pickup at the various restaurant locations, and to purchase gift cards on the mobile website.

    27.    With respect to its mobile website, Defendant has violated the ADA by failing to interface its mobile website with VoiceOver screen reader software utilized by visually impaired individuals (as specifically delineated within paragraph 25) either directly or through contractual, licensing or other arrangements. Defendant's violations have resulted in Defendant denying Plaintiff accommodation on the basis of his disability:

    a.    by depriving Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its place of public accommodation (42 U.S.C. § 12182(a));

    b.    in the denial of providing Plaintiff the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. §

12182(b)(1)(A)(i));

  c. in failing to afford Plaintiff the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals (42 U.S.C. § 12182(b)(1)(A)(ii));

  d. by providing Plaintiff a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals (unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others) (42 U.S.C. § 12182(b)(1)(A)(iii));

  e. by failing to afford Plaintiff goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to the needs of the disabled individual (42 U.S.C. § 12182(b)(1)(B));

  f. notwithstanding the existence of separate or different programs or activities provided in accordance with this section, by denying Plaintiff the opportunity to participate in such programs or activities that are not separate or different. (42 U.S.C. § 12182(b)(1)(C));

  g. by a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities (unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations) (42 U.S.C. § 12182(b)(2)(ii)); and,

  h. by a failure to take such steps as necessary to ensure that disabled individuals are not excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services (unless the entity can demonstrate

that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden) (42 U.S.C. § 12182(b)(2)(iii)).

28. Plaintiff continues to attempt to utilize the mobile website and/or plans to continue to attempt to utilize the mobile website to review Kush Hospitality restaurant menus, to make online reservations for dining within the Kush Hospitality restaurant locations, to order from various of the restaurants' "to go" menu, to sign up for the *Kush Times* newsletter, and to purchase gift cards online.

29. Plaintiff is continuously aware of the violations within Defendant's mobile website and is aware that it would be a futile gesture to attempt to utilize the mobile website as long as those violations exist unless he is willing to suffer additional discrimination.

30. Plaintiff has suffered (and continues to suffer) frustration and humiliation as the result of the discriminatory conditions present within Defendant's mobile website. By continuing to operate its mobile website with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions within Defendant's mobile website and knowing that it would be a futile gesture to attempt to utilize the mobile website unless he is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily available to the general public and is deterred and discouraged from doing so. By maintaining a mobile website with violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public.

31. Plaintiff has suffered (and will continue to suffer) direct and indirect injury as a result

of Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA and conform its mobile website to WCAG 2.1 Level A and AA Guidelines.

32. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from Defendant's non-compliance with the ADA with respect to its mobile website. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by Defendant. Plaintiff desires to access the mobile website to avail himself of the benefits, advantages, goods and services therein, and/or to assure himself that this mobile website is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the mobile website without fear of discrimination.

33. Plaintiff is without adequate remedy at law and has suffered (and will continue to suffer) irreparable harm. Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

34. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendant to alter its mobile website to make it readily accessible to and usable by Plaintiff and other persons with vision impairments.

**WHEREFORE,** Plaintiff James Watson hereby demands judgment against Defendant Kush Hospitality Group LLC and requests the following injunctive and declaratory relief:

    a. The Court issue a Declaratory Judgment that determines that Defendant's mobile website is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

    b. The Court issue a Declaratory Judgment that Defendant has violated the ADA by failing to monitor and maintain its mobile website to ensure that it is readily

  accessible to and usable by persons with vision impairment;

c.  The Court issue an Order directing Defendant to alter its mobile website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

d.  The Court issue an Order directing Defendant provide the appropriate auxiliary aids such that individuals with visual impairments will be able to effectively communicate with the mobile website for purposes of comprehending Kush Hospitality restaurant menu selections, making reservations for dining in the various Kush Hospitality restaurants, ordering from the "to-go" menus of the various restaurant locations, signing up for the *Kush Times* newsletter, and ordering/paying for gift cards, and during that time period prior to the mobile website's being designed to permit individuals with visual impairments to effectively communicate, requiring Defendant to provide an alternative method for individuals with visual impairments to effectively communicate so that disabled individuals are not impeded from obtaining the goods and services made available to the public through Defendant's mobile website.

e.  The Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

f.  The Court enter an Order directing Defendant to continually update and maintain its mobile website to ensure that it remains fully accessible to and usable by visually impaired individuals;

g.  The Court award attorney's fees, costs and litigation expenses pursuant to 42

        U.S.C. § 12205; and,

h.    The Court provide such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: February 28, 2022

                Respectfully submitted,

                */s/ J. Courtney Cunningham*
                J. Courtney Cunningham, Esq.
                J. COURTNEY CUNNINGHAM, PLLC
                FBN: 628166
                8950 SW 74th Court, Suite 2201
                Miami, Florida 33156
                Telephone: 305-351-2014
                cc@cunninghampllc.com